[Cite as *WBL SPO I, L.L.C. v. Farraj*, 2026-Ohio-2800.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

WBL SPO I, LLC            COURT OF APPEALS NO. {72}S-25-034

       APPELLANT          TRIAL COURT NO. 23 CV 810

V.

WASEM FARRAJ, ET AL.

       APPELLEES

**DECISION AND JUDGMENT**

Decided: July 21, 2026

\* \* \* \* \*

David L. Van Slyke and James Grendell, for appellant.

Rick D. DeBlasis, for appellees.

\* \* \* \* \*

**SULEK, J.**

{¶ 1} Appellant, WBL SPO I, LLC ("WBL"), appeals the May 20, 2025 order of the Sandusky County Common Pleas Court denying WBL's motion for leave to file an amended complaint and granting summary judgment in favor of appellees, Sandusky Fuel LLC ("Sandusky Fuel") and Greensprings Marathon LLC ("Greensprings"). The trial court did not abuse its discretion in denying the motion to amend because WBL's undue delay in seeking leave to add several new causes of action and defendants would have

prejudiced appellees. Moreover, summary judgment in favor of appellees was appropriate because no genuine issue of material fact existed that Sandusky Fuel authorized Wasem Farraj, the person who executed the relevant documents, to enter into the loan and mortgage at issue. Finally, the trial court did not abuse its discretion in denying WBL's motion for a continuance pursuant to Civ.R. 56(F) because WBL did not demonstrate that additional discovery would have aided its opposition to appellees' motion for summary judgment. For these reasons, the trial court's judgment is affirmed.

## I. Background

{¶ 2} Sandusky Fuel is a limited liability company incorporated by Sami Farraj, who is also its statutory agent. In August 2021, Sandusky Fuel purchased the property at 104 North Broadway, Green Springs, Ohio ("the property"), with Sami's father, Wisam Farraj, signing the purchase agreement as Sandusky Fuel's managing member. About a year later, Wisam's brother and Sami's uncle, Wasem Farraj, executed a promissory note and security agreement in favor of World Business. Wasem executed the documents purportedly as the president of Sandusky Fuel and the president of Mobil Miles, LLC ("Mobil Miles"), an entity owned by Wasem that had no ownership interest in the property. Wasem also executed a mortgage agreement encumbering the property, purportedly as Sandusky Fuel's sole member. The loan proceeds were transferred to an account at Citizens Bank held by Mobil Miles. Greensprings, an entity incorporated by Wisam, later acquired title to the property.

2.

{¶ 3} On September 11, 2023, World Business's successor, WBL, filed a complaint in foreclosure against Mobil Miles, Wasem, and the appellees in Sandusky County Common Pleas Court. WBL alleged that Mobil Miles, Wasem, and the appellees executed the note and security agreement. The complaint sought judgment on the note and to foreclose the mortgage. On January 2, 2024, Sandusky Fuel filed an answer denying that it had executed the note and the mortgage documents and denying that Wasem and Mobil Miles ever had authority to enter into any agreements on its behalf. Sandusky Fuel also asserted a counterclaim against WBL seeking a declaratory judgment that the note and mortgage were invalid and void. WBL filed a response to Sandusky Fuel's counterclaim on January 12, 2024.

{¶ 4} WBL commenced discovery soon after, issuing discovery requests to appellees on January 31, 2024. On April 11, 2024, WBL filed a notice that it had served a subpoena duces tecum to Citizens Bank requesting bank records for Sandusky Fuel and Mobil Miles. On June 13, 2024, WBL filed a notice that it had served a second set of discovery requests on appellees. On November 8, 2024, WBL moved to compel Citizens Bank to produce the documents requested in its subpoena. The trial court granted the motion, ordering that Citizens Bank had until December 6, 2024 to produce the documents. A hearing on contempt was scheduled for January 14, 2025.

{¶ 5} On April 7, 2025, WBL moved for leave to amend the complaint, seeking to add several new defendants and causes of action, including fraud, civil conspiracy, unjust enrichment, and declaratory judgment imposing an equitable lien and a constructive or

3.

resulting trust. The proposed additional defendants included members of the Farraj family and businesses associated with the family. In support, WBL claimed that appellees' discovery responses and the records obtained from Citizens Bank demonstrated that various Farraj family members and entities owned by the Farraj family were involved in running the business at the property, assisted in obtaining the loan through false representations, or benefited from the loan proceeds. In addition, the proposed amended complaint alleged that Wisam and Sami were aware of Wasem's representations to World Business and consented to Wasem entering into the note and mortgage.

{¶ 6} WBL attached several exhibits to its proposed complaint, including the mortgage and loan documents for the property and several certificates for articles of incorporation for businesses associated with the Farraj family, many of which had the same statutory agents as well as the same address listed for their statutory agents. Other exhibits included a news article in which Wisam described himself as the owner of the property, checks showing transfers of money between the Farraj-related entities, and checks from the account for Mobil Miles to vendors for the store and gas station operating on the property.

{¶ 7} On the same day that WBL moved for leave to amend its complaint, appellees moved for summary judgment, seeking dismissal of the complaint and a cancellation of the mortgage lien on the property. Appellees maintained that Sandusky Fuel never authorized Wasem to act on behalf of Sandusky Fuel, and that Sandusky Fuel

4.

and Greensprings had no knowledge of the note or the mortgage until WBL filed its complaint in foreclosure.

{¶ 8} In support of the motion, appellees submitted two affidavits, one from Wisam and one from Sami. In his affidavit, Wisam attested that he is the sole owner, member, and authorized agent of Greensprings, and he had helped his son, Sami, incorporate Sandusky Fuel. Sami attested in his affidavit that he incorporated Sandusky Fuel and the articles of incorporation filed with the Ohio Secretary of State reflect that he is its incorporator and statutory agent. Wisam's and Sami's affidavits both state that they caused Sandusky Fuel to lease a portion of the building on the property to Wasem to operate the supermarket and gas station on the property, but there was no formal agreement between them and they merely "expected Wasem to pay Sandusky a reasonable rental from his profits." Wisam and Sami finally attested that "Wasem never sought or obtained any authority from [Sami] or Sandusky Fuel LLC to obligate Sandusky Fuel LLC in any way," "[n]o member, manager, or authorized representative of Sandusky Fuel LLC has ever ratified or consented to the Note or Mortgage," and Sami and Wisam learned of the note and mortgage only when the litigation began.

{¶ 9} On April 21, 2025, appellees filed a memorandum in opposition to WBL's motion for leave to amend the complaint. They maintained that there was no prima facie showing of support for the new claims, noting that the proposed amended complaint did not identify any representations made by appellees to the lender nor did it identify any representations made by any of the proposed new defendants. Appellees also asserted the

5.

motion was untimely, pointing out that the complaint was filed in September 2023, significant discovery already had been conducted, and their motion for summary judgment was pending.

{¶ 10} WBL filed a combined memorandum in opposition to appellees' motion for summary judgment, or in the alternative an extension of time to respond to appellees' motion for summary judgment, or in the alternative a reply in further support of its motion for leave to amend its complaint. WBL claimed that the Farraj family created several "sham" entities, most of which operated out of the same Exxon station in Warrensville Heights, Ohio, and they used these entities to induce the lender to issue the loan and mortgage.

{¶ 11} Addressing the timeliness of its motion for leave to amend the complaint, WBL pointed out that appellees initially issued discovery responses incorrectly identifying Wisam as the sole member of Sandusky Fuel and did not correct those responses to reflect that Sami was in fact a member of Sandusky Fuel until April 7, 2025, when they filed their motion for summary judgment. WBL also called attention to its recent receipt of bank records from Citizens Bank, which it asserted provided the basis for its new claims as the records allegedly demonstrated that Mobil Miles used the loan proceeds to benefit Sami, Wisam, and Sandusky Fuel. WBL explained that it had issued the subpoena to Citizens Bank months earlier but it had only received the records after the court scheduled a hearing on a contempt proceeding against the bank in January, just a few months before WBL sought to leave to amend its complaint. WBL maintained that

6.

due to the voluminous nature of the records, it took time to sift through them and uncover the grounds for its proposed new claims and defendants.

{¶ 12} In opposing appellees' motion for summary judgment, WBL contended that because appellees benefited from the loan proceeds—which WBL maintained were used to pay Sandusky Fuel's vendors and the mortgage on a residence owned by Sami— appellees could not "disavow" the note and mortgage's existence. WBL argued that by accepting the benefits of the loan, Sami and Wisam ratified Wasem's acts.

{¶ 13} Finally, in the alternative, WBL contended that appellees filed their motion for summary judgment prematurely. WBL maintained that it needed more time to conduct additional discovery after reviewing the records from Citizens Bank and appellees' revised discovery responses. In support, WBL's trial counsel submitted an affidavit stating that the bank records contradicted appellees' discovery responses, though the affidavit did not specify how they were inconsistent, and that appellees' corrected discovery responses were unverified. In addition, the affidavit stated that WBL had issued several subpoenas, the responses to which were outstanding, intended to uncover evidence that appellees benefitted from the loan proceeds. Finally, WBL's trial counsel averred that he needed time to depose Wisam, Sami, and/or Wasem. Accordingly, WBL concluded that under Civ.R. 56(F), the trial court should grant a continuance for WBL to complete discovery so that it could fully respond to appellees' motion for summary judgment.

7.

{¶ 14} In their reply in further support of their motion for summary judgment, appellees claimed that WBL failed to do its own due diligence before entering the note and mortgage. Appellees cited WBL's discovery responses showing that World Business knew that Wasem had several fraud alerts and other red flags concerning "inconsistent identity" in his credit report and World Business never verified with Sami—the only individual listed in Sandusky Fuel's publicly filed articles of incorporation—that Wasem had the authority to enter into the note or mortgage. Appellees also noted an email in the loan file produced by WBL in which a World Business employee asked—and apparently never received an answer—"Who owns Sandusky Fuel LLC?" In response to WBL's argument that Sami and Wisam ratified Wasem's actions in entering the note and mortgage, appellees maintained that WBL had no evidence that they had any knowledge of the note or the mortgage until the litigation occurred.

{¶ 15} The trial court granted appellees' motion for summary judgment on May 20, 2025. Based on the affidavits of Sami and Wisam, the court found that Wasem "lacked authority, actual or apparent, to bind Sandusky Fuel in executing the promissory note and the mortgage underlying [WBL's] claims." The court determined that WBL had failed to rebut this evidence and there was no factual or legal basis for WBL's argument that appellees had ratified Wasem's acts. Moreover, the court held that WBL's failure to conduct "reasonable due diligence" barred any equitable claims against the appellees.

{¶ 16} As to WBL's allegations regarding appellees' discovery responses, the trial court found that appellees had met their discovery obligations under Civ.R. 26(F). The

8.

court stated that appellees corrected their incorrect discovery responses regarding Sami's role in Sandusky Fuel and found that WBL's "allegations of bad faith or strategic misconduct are unsubstantiated and irrelevant to the dispositive legal issues." The order did not specifically address WBL's request for a continuance pursuant to Civ.R. 56(F).

{¶ 17} The court also denied WBL's motion for leave to amend its complaint, characterizing the motion as a "fishing expedition and an attempt to shift liability due to [WBL's] own due diligence failures." Explaining that the motion was filed "over 18 months into the litigation and after summary judgment briefing," the court found that permitting WBL to amend its complaint would cause undue delay and prejudice to appellees.

{¶ 18} Accordingly, the trial court ordered that the mortgage on the property be cancelled. The court also dismissed with prejudice all of WBL's claims against appellees.

## II. Assignment of Error

{¶ 19} WBL appeals the trial court's order, asserting the following assignments of error:

1. The Trial Court abused its discretion by denying Appellant leave to amend the Complaint under Civ.R. 15(A).

2. The Trial Court erred in granting Summary Judgment to Appellees and cancelling Appellant's mortgage of record.

3. The Trial Court erred by refusing a Civ.R. 56(F) continuance despite Appellant's unrebutted affidavit and ongoing third-party discovery, and by crediting unsworn discovery "amendments" to Interrogatories contrary to Civ.R. 33(A).

9.

### III. Law and Analysis

#### A. WBL's Motion for Leave to Amend Complaint

{¶ 20} In its first assignment of error, WBL argues that the trial court erred in denying its motion for leave to amend the complaint. WBL maintains that the trial court erred in finding that its motion seeking leave was filed after summary judgment briefing, when it was actually filed "before appellees' dispositive motion." WBL contends that it only discovered the need to amend the complaint after reviewing the Citizens Bank records, which WBL claims directly refute appellees' original discovery responses regarding "membership, authority, accounts, [and tax] returns" of Sandusky Fuel. WBL argues its motion was timely because it had only recently received the records from Citizens Bank when it filed the motion.

{¶ 21} Appellees respond that WBL has not produced any evidence that appellees were aware of the loan prior to the commencement of this action, such evidence is essential to WBL's proposed new claims, and therefore the trial court properly denied the motion for leave to amend the claim. Appellees maintain that Wasem rented a portion of the property and therefore the payments his entity, Mobil Miles, made to Sandusky Fuel and to benefit Sami and Wisam were expected. Moreover, as to WBL's allegations regarding the incorrect discovery responses, appellees contend that they put WBL's counsel on notice regarding the correct responses in an email prior to amending their discovery responses. Finally, appellees point out that the motion was filed over 18 months after the complaint was filed.

10.

{¶ 22} In its reply brief, WBL argues that it did not need evidence to substantiate every element of the new claims in its amended complaint because the amended complaint would have only been a pleading. WBL maintains that its new claims were not a fishing expedition given the information in the bank records showing appellees directly benefited from the loan proceeds.

{¶ 23} A trial court's order denying leave to amend a complaint is reviewed for an abuse of discretion. *Leo v. Burge Wrecking, LLC*, 2017-Ohio-2690, ¶ 9 (6th Dist.), citing *State ex rel. Askew v. Goldhart*, 75 Ohio St.3d 608, 610 (1996). An abuse of discretion means that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 24} Civ.R. 15(A) provides that after a responsive pleading is filed, a party may amend its complaint only with the other party's written consent or with the court's leave. "The court shall freely give leave when justice so requires." *Id.* "While the rule allows for liberal amendment, motions to amend pleadings pursuant to Civ.R. 15(A) should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party." *Turner v. Cent. Local Sch. Dist.*, 85 Ohio St.3d 95, 99 (1999), citing *Hoover v. Sumlin*, 12 Ohio St.3d 1 (1984), paragraph two of the syllabus.

{¶ 25} In determining whether there was undue delay in seeking leave to amend a complaint, appellate courts consider "both the party's delay in bringing the motion for leave to amend and whether the amendment would unduly delay the proceedings." *Meehan v. Mardis*, 2022-Ohio-1379, ¶ 8 (1st Dist.). Notably, the time between the filing

11.

of the complaint and the motion seeking leave is not the sole consideration. Courts also courts consider whether dispositive motions have been filed, whether significant discovery has already been conducted, and when trial is scheduled. *See, e.g., Osborne v. J.T.O., Inc.*, 2024-Ohio-2070, ¶ 20 (8th Dist.) (holding that a motion for leave to amend was timely made even though "the action had been pending for over a year at the time the motion was filed [because] it does not appear that the case had made much forward progress due to significant motion practice by the parties"); *Med. Mut. of Ohio v. FrontPath Health Coalition*, 2023-Ohio-243, ¶ 82 (6th Dist.) (holding that no undue delay occurred despite motion being filed after protracted litigation because discovery was ongoing, no depositions had been taken, dispositive motions were not due for several months, and newly discovered evidence provided basis for amended complaint). In addition, "where information relied upon in seeking leave to amend *should have been known* to a plaintiff earlier, a plaintiff's delay in seeking leave to amend can be considered unjustified." *Franciscan Communities, Inc. v. Rice*, 2021-Ohio-1729, ¶ 40 (8th Dist.), quoting *Hanick v. Ferrara*, 2020-Ohio-5019, ¶ 46 (7th Dist.) (Emphasis added.).

{¶ 26} As to prejudice, this court has explained as follows:

While prejudice and timeliness are related considerations, "prejudice is the most critical factor to be considered in determining whether to grant leave to amend." *Musil v. Gerken Materials, Inc.*, 2020-Ohio-3548, ¶ 25 (6th Dist.), citing *CommuniCare, Inc. v. Wood Cty. Bd. of Commrs.*, 2005-Ohio-2348, ¶ 17 (6th Dist.). Thus, although "amendment after an unjustified delay could result in prejudice to the opposing party," *Zak v. Airhart*, 2021-Ohio-4399, ¶ 37 (6th Dist.), an amendment may not be as prejudicial where it was made without delay or with justified delay.

12.

*Med. Mut. of Ohio* at ¶ 63.

**{¶ 27}** Here, the trial court cited undue delay and prejudice as its reasons for denying WBL's motion for leave to amend its complaint. At the time WBL filed its motion, the case was over 18 months old and discovery had been ongoing for over a year. The motion was filed on the same day that appellees filed their motion for summary judgment. WBL blames its delay in filing its motion on appellees' incorrect initial responses to its discovery requests and the late production of the bank records from Citizens Bank. But neither the incorrect discovery responses nor their corrections indicate that Wasem had authority to bind Sandusky Fuel. They also do not provide any basis for WBL's claim that Sami and Wisam knew Wasem entered the note and mortgage and accepted the benefits of his actions. Nor has WBL explained why appellees' initial incorrect responses prevented them from asserting the other claims in the proposed amended complaint earlier in the litigation. Moreover, although the Citizens Bank records, which were produced later in the litigation, may have provided some basis for the additional claims, WBL has not provided any explanation whatsoever why its predecessor could not have uncovered evidence of the alleged Farraj family "sham" and Wasem's lack of authority to bind Sandusky Fuel by conducting reasonable due diligence prior to entering into the note and mortgage with Wasem, particularly when its predecessors' own records—which WBL produced in discovery—demonstrate that it was on notice of the potential for fraud. In other words, even if WBL was actually unaware

13.

of the basis for its proposed new claims before obtaining the bank records, it should have been, and therefore its delay in seeking leave to file an amended complaint is unjustified.

{¶ 28} Accordingly, the trial court's decision was not unreasonable, arbitrary, or unconscionable and it did not abuse its discretion in denying WBL's motion for leave to amend its complaint. WBL's first assignment of error is found not well-taken.

## B. Appellees' Motion for Summary Judgment

{¶ 29} In its second assignment of error, WBL argues that the trial court erred in granting appellees' motion for summary judgment. WBL contends that the trial court should not have relied on the affidavits of Sami and Wisam in which they denied that Wasem had authority to bind Sandusky Fuel because those affidavits were inconsistent with their written discovery responses. WBL points out that the affidavits also identified Sami as the sole member of Sandusky Fuel in contradiction to appellees' written discovery responses identifying Wisam rather than Sami as Sandusky Fuel's member. In addition, WBL again claims that Wisam and Sami ratified Wisem's acts in obtaining the loan and granting the mortgage on the property and therefore contends that summary judgment was improper.

{¶ 30} An appellate court reviews the grant of summary judgment under a de novo standard of review. *Koler v. Grand Harbour Condo. Owners Assn.*, 2014-Ohio-1299, ¶ 5 (6th Dist.), citing *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). Summary judgment should be upheld when there is no issue of material fact, the moving party is entitled to judgment as a matter of law, and when viewing the evidence most strongly in favor of the

14.

nonmoving party, reasonable minds can only come to one conclusion that is adverse to the nonmoving party. *Id*., quoting *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978); Civ.R. 56(C).

{¶ 31} "[T]he moving party bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "[I]f the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Id*. at 293.

{¶ 32} Here, appellee moved for summary judgment on the grounds that Wasem did not have the authority to bind Sandusky Fuel. Sandusky Fuel is a limited liability company (LLC). Not all LLCs permit members to bind the entity, and whether a member has the authority to bind the company depends on the type of LLC and its articles of organization. *See Dart v. Katz*, 2021-Ohio-1429, ¶ 44-46 (2nd Dist.); *Brooks Capital Servs., L.L.C. v. 5151 Trabue Ltd.*, 2012-Ohio-4539, ¶ 27, 31 (10th Dist.). Outside a member with authority to bind the company, an LLC may be bound by the acts of an agent, actual or apparent, acting within the scope of the agent's authority. *Buckeye Hoya, LLC v. Brown Gibbons Lang & Co. LLC*, 2023-Ohio-2177, ¶ 44 (8th Dist.)

{¶ 33} Here, appellees submitted the affidavits of Sami and Wisam attesting that Wasem was not a member of Sandusky Fuel and that Wasem never had authority to bind

15.

Sandusky Fuel. WBL challenges the affidavits because they conflict with appellees'
discovery responses regarding the identity of Sandusky Fuel's members, but the conflict
only concerns whether Sami and Wisam are members, which is not relevant to whether
Wasem had authority to bind Sandusky Fuel. With respect to Wasem's lack of authority,
the affidavits and discovery responses are entirely consistent. WBL has submitted no
evidence to rebut appellees' evidence of Wasem's lack of authority.

{¶ 34} As to WBL's ratification argument, that claim was not pled in WBL's
complaint. Nor has WBL proffered any evidence that Wisam and Sami knew of the note
and mortgage prior to the commencement of this case. *See United Bank, Div. of the Park
Natl. Bank v. Expressway Auto Parts, Ltd.*, 2015-Ohio-4554, ¶ 28 (5th Dist.) (explaining
that principal must have "actual knowledge of the facts" to ratify acts of unauthorized
agent).

{¶ 35} Because WBL failed to present any evidence to contradict appellees'
affidavits disavowing Wasem's authority to bind Sandusky Fuel and asserting their lack
of knowledge of the mortgage and note, the trial court did not err in granting summary
judgment in appellees' favor. WBL's second assignment of error is not well-taken.

**C. Appellees' Motion for a Continuance Pursuant to Civ.R. 56(F)**

{¶ 36} In its final assignment of error, WBL contends that the trial court erred in
failing to grant them a continuance to respond to appellees' motion for summary
judgment pursuant to Civ.R. 56(F). A trial court's ruling on a Civ.R. 56(F) motion is

16.

reviewed for an abuse of discretion. *Bloomfield v. Beier*, 2016-Ohio-5167, ¶ 10 (6th Dist.).

{¶ 37} Civ.R. 56(F) provides as follows:

Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

Although a trial court generally should grant a continuance under Civ.R. 56(F) when a party sets forth a factual basis for seeking more discovery, if "the discovery sought … would not aid … opposition to the motion for summary judgment," then the trial court does not abuse its discretion in denying the motion. *Wilmington Savings Fund Soc. v. McHugh*, 2020-Ohio-4250, ¶ 31 (6th Dist.).

{¶ 38} Here, WBL sought a continuance pursuant to Civ.R. 56(F) based on its outstanding subpoenas issued to various vendors of Sandusky Fuel and its plan to depose Wisam, Sami, and Wasem. WBL claimed that such discovery would show that Wasem used the loan proceeds to benefit Sandusky Fuel and therefore appellees ratified Wasem's execution of the note and mortgage and the additional discovery would support the additional claims in WBL's proposed amended complaint. As discussed above, the trial court did not err in denying WBL's motion to amend its complaint, so any discovery relating specifically to the additional claims and defendants in the proposed amended complaint is not relevant. Moreover, WBL has not demonstrated that the additional discovery would aid its opposition to appellees' motion for summary judgment.

17.

**{¶ 39}** As to WBL's ratification argument, that theory was not pled in WBL's complaint, but even if it had been, WBL has not explained how the proposed additional discovery would provide evidence of each element of ratification. In addition to accepting the benefits of an agent's unauthorized acts, ratification requires that the principal have "full knowledge of the facts" underlying those benefits. *Hashem v. Perk Co., Inc.*, 2024-Ohio-1984, ¶ 22 (8th Dist.). WBL has already presented evidence through the Citizens Bank records that Wasem's entity, Mobil Miles, paid Sandusky Fuel's vendors shortly after receiving the loan proceeds, and thus WBL has presented some evidence that Sandusky Fuel may have benefitted from the loan. However, WBL has not explained how Mobil Miles' payments to Sandusky Fuel's vendors equates to Sandusky Fuel's full knowledge of the manner in which Wasem obtained the funds to make those payments, nor has WBL explained how its outstanding subpoenas would present evidence of Sandusky Fuel's knowledge. Moreover, WBL has not explained how conducting depositions would create a genuine issue of material fact as to ratification. Sami and Wisam have already submitted affidavits attesting to their lack of knowledge of the note and mortgage prior to this litigation and explaining why Mobil Miles made those payments.

**{¶ 40}** Because WBL has not demonstrated that additional discovery would aid its opposition to appellees' motion for summary judgment, the trial court did not abuse its discretion in denying WBL's motion for a continuance pursuant to Civ.R. 56(F). Accordingly, WBL's third assignment of error is not well-taken.

18.

### III.  Conclusion

{¶ 41} Based on the foregoing, the judgment of the Sandusky County Common Pleas is affirmed.  WBL is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.

Thomas J. Osowik, P.J.

JUDGE

Christine E. Mayle, J.

JUDGE

Charles E. Sulek, J.
CONCUR

JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.